IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEFANIA MAURIZI**,<br>Via Velino<br>Fabro (TR) 05015<br>Italy<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**UNITED STATES DEPARTMENT OF STATE**,<br>2201 C St., NW<br>Washington, DC 20520<br><br>　　　　　　Defendant. | Civil Action No.  20-966 |

## COMPLAINT

Plaintiff Stefania Maurizi ("Maurizi"), by her undersigned attorneys, alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from the United States Department of State ("State").

2. Through this action, Maurizi seeks to compel State to release its communications, reports, and memoranda concerning Julian Assange ("Assange") dated between July 1, 2010 and July 1, 2012.

3. Maurizi made her initial request for these records on February 7, 2018 ("Request"), and, to date, has yet to receive a substantive response from State. This is a violation of State's duties pursuant to FOIA. Its delay and constructive denial of Maurizi's

1

FOIA requests are improper and should not be countenanced. As a matter of law, State should be required to fulfill its statutory obligations and release the requested records immediately.

## PARTIES

4. Plaintiff Stefania Maurizi is an Italian citizen residing in Fabro, Italy. She is an investigative journalist currently working for the major Italian daily "Il Fatto Quotidiano." She previously worked for the Italian daily "La Repubblica,"consistently rated among the top two Italian newspapers and for the leading Italian newsmagazine "l'Espresso." Among other topics, including weapons trafficking, environmental pollution, and sub-standard working conditions, Maurizi has extensively covered Assange and Wikileaks for more than 10 years.

5. State is an agency of the federal government. It has possession, custody and/or control of the records that Maurizi seeks. State is located at 2201 C St., NW Washington, DC 20520.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

8. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not

secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

9. As an investigative journalist, Maurizi plays a critical role in providing information to citizens both in the United States and worldwide about what the United States government "is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy" and to "bare the secrets of government and inform the people." *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

11. Through the FOIA request at issue here (and through this litigation), Maurizi seeks to fulfill her journalistic function and to shine a public light on the operations of State, particularly its criminal investigation of Assange, who, as a result of State's investigation, was indicted on March 6, 2018, and again on May 23, 2019, on multiple charges of illegally obtaining, receiving and disclosing classified information.

12. Assange, the founder of WikiLeaks, published a series of leaked documents, including United States government documents such as the Afghanistan and Iraq war logs, in July of 2010. The publishing of such documents prompted the United States government to launch a criminal investigation into WikiLeaks and Assange. Since 2010, Assange has avoided extradition to the United States, primarily by remaining at the Embassy of Ecuador in London up until April of 2019, when he was evicted from the Embassy and detained by London police. The criminal investigation led by State, and Assange's current lengthy detention in London, has garnered attention of journalists worldwide, and prompted many inquiries into the nature and circumstances of the investigation, as well as the First Amendment implications of punishing the publication of truthful, but classified, information. The information sought by the Request is

crucial to the public's understanding of the breadth and depth of State's handling and investigation of Assange and WikiLeaks.

## REQUEST

13. On or about February 7, 2018, Maurizi submitted to State a FOIA request relating to communications and documents concerning Assange. Specifically, it requested (a) "a copy of the emails, cables, reports, memos from the 1st of July 2010 to the 1st of July 2012 concerning Mr. Julian Assange, the founder of WikiLeaks." A true and correct copy of the Request is attached hereto as Exhibit 1.

14. Pursuant to FOIA, an agency must respond to a request with 20 working days, or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i). State responded to Maurizi's Request on February 14, 2018, acknowledging that State had received the Request and denying expedited processing. A true and correct copy of this response is attached hereto as Exhibit 2.

15. Maurizi received a second letter from State on March 15, 2018, informing her that the appeal for the denial of expeditious processing was also denied because the Request and appeal did not meet the established criteria for expedited processing. A true and correct copy of this second letter is attached hereto as Exhibit 3.

16. On July 15, 2019, more than a year after Maurizi submitted the Request, she sent an e-mail communication to FOIAstatus@state.gov requesting an update on when she could expect to receive a substantive response to the Request from State. On that same day, State responded to Maurizi via an e-mail communication, indicating that the Request was still in process. State did not provide a substantive response in this e-mail communication. A true and correct copy of these e-mail communications is attached hereto as Exhibit 4.

17. To date – more than two years after the Request was submitted – Maurizi has not received a substantive response from State. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline for a substantive response was February 27, 2018.

18. Maurizi has exhausted her administrative remedies regarding the Request pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

## CLAIM FOR RELIEF

### COUNT I
### (Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552)

19. Maurizi realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

20. State is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

21. The records sought by the Request, described herein, are subject to release pursuant to FOIA.

22. State's failure timely to disclose the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

**REQUEST FOR RELIEF**

WHEREFORE, Maurizi respectfully requests that this Court:

A.      Declare that the records sought by the Request, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

B.      Order State to provide the requested records to Maurizi, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

C.      Award Maurizi the costs of this proceeding, including reasonable attorneys' fees, pursuant to 5 U.S.C. § 552(a)(4)(E); and

D.      Grant Maurizi such other and further relief as this Court deems just and proper.


Dated: April 13, 2020                    Respectfully submitted,

                                         BALLARD SPAHR LLP


                                         _____
                                         Alia L. Smith (#992629)
                                         1909 K Street, NW, 12th Floor
                                         Washington, DC 20006
                                         Tel: (202) 661-2200; Fax: (202) 661-2299
                                         smithalia@ballardspahr.com

                                         Kristel Tupja (#888324914)
                                         BALLARD SPAHR LLP
                                         1735 Market Street, 51st Floor
                                         Philadelphia, PA 19103
                                         Tel: (215) 864-8318; Fax: (215) 864-8999
                                         tupjak@ballardspahr.com

                                         *Counsel for Plaintiff Stefania Maurizi*