UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEFANIA MAURIZI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-0966 (EGS) |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's May 19, 2020, Minute Order, the parties, Plaintiff Stefania Maurizi ("Plaintiff") and Defendant U.S. Department of State ("State"), submit the following joint status report.

On February 7, 2018, Plaintiff submitted to State a Freedom of Information Act ("FOIA") request seeking "a copy of the emails, cables, reports, memos from the 1st of July 2010 to the 1st of July 2012 concerning Mr[.] Julian Assange, the founder of WikiLeaks." The time period of Plaintiff's request was "from 07/01/2010 to 07/01/2012." Responses to the specific issues the Court identified in its May 19, 2020, Minute Order are below.

1. **Status of the Request**

The status of Plaintiff's FOIA request is ongoing. State is still in the process of conducting searches for records potentially responsive to Plaintiff's FOIA request on its unclassified systems. While searches for records on classified systems are not currently possible due to the ongoing impact of COVID-19 mitigation measures on staffing, State has made progress on the unclassified portion of its searches. State has received some search-tasking results but has been informed by

certain Department components that operation impacts from COVID-19 mitigation measures may delay their ability to respond.

## 2. Anticipated Number of Responsive Documents

At this time, State cannot estimate the number of potentially responsive records because its searches remain ongoing. State agrees to provide an estimated number of potentially responsive unclassified documents by July 2, 2020, and to initiate searches of the classified system—including tasking posts and bureaus as appropriate—promptly upon the relevant employees re-obtaining access to that system. State cannot currently forecast how operational changes may affect these various Department components' ability to conduct searches on the classified system but will keep Plaintiff apprised of the results of its searches.

Plaintiff respectfully requests that this Court order State to identify the number of potentially responsive documents stored on the classified system within 14 days of the relevant employees re-obtaining access to that system. Plaintiff understands, and is sensitive to, the barriers posed by the current COVID-19 pandemic. However, Plaintiff's request has been pending for more than two years, and she is entitled to a substantive response without further delay.

## 3. The Anticipated Release Dates for Responsive Documents

At this time, because State is still awaiting search results from certain Department components, State cannot anticipate a date by which the first release of responsive materials will occur.[1] Once State provides an estimate of potentially responsive unclassified records, State

---

[1] Once the Office of Information Programs and Services—which is responsible for, among other roles, responding to FOIA requests—has received potentially responsive records, processing those records involves multiple steps, including: (1) performing a line-by-line review of each document to determine whether the document is responsive to the request, whether it contains any classified information, information subject to one of the nine FOIA statutory exemptions, or information belonging to other equity holders such as other federal agencies and third parties; (2) consulting other Department employees (including, for example, employees in regional bureaus

proposes conferring with Plaintiff about setting an anticipated production schedule and determining if any further narrowing is necessary. Although the COVID-19 pandemic has had a major adverse impact on State's FOIA operations, this case is one that can be partially processed via telework because the potentially responsive documents will be stored on State's new document review platform (FOIAXpress), the unclassified portion of which is accessible via telework. State believes the reduced number of available reviewers and the likelihood of technological challenges, however—including changes in staffing patterns in response to the pandemic in both internal Department components and other components of the Executive Branch that may make it difficult for them to respond to FOIA consultations in a timely manner—will likely limit State's ability to process documents at the same rate as it would have under normal circumstances. State will keep Plaintiff apprised of any updates regarding its ability to process documents in this case.

Plaintiff respectfully requests that this Court order State to produce responsive documents on a rolling basis, at least monthly, beginning on July 16, 2020. Plaintiff reserves the question of the rate at which State must review documents until it is determined how many potentially responsive documents exist.

**4.    Open America Stay**

The parties agree that an *Open America* stay will not be necessary in this case.

---

or attorneys) or other federal agencies as appropriate where a document contains those components' information (or "equities"); and (3) redacting any information pursuant to FOIA exemptions and marking documents that the Department will release in full or in part with the required stamps, which indicate the release determinations and FOIA exemptions applied. If reviewers completing this process are relatively inexperienced, their work undergoes a second-level review by a senior reviewer to ensure that the original reviewer properly applied FOIA exemptions and consulted with relevant Department bureaus and federal agencies.

### 5. *Vaughn* Index

The parties agree to discuss the issue of the necessity of a *Vaughn* Index after State makes a substantive response to Plaintiff's FOIA request.

### 6. Referral to Magistrate Judge

The parties do not anticipate that referral to a magistrate judge or to the Court's Mediation Program is necessary at this time.

### 7. Briefing Schedule

The parties agree that it is premature to set a dispositive briefing schedule.

State proposes to file another joint status report by July 2, 2020, advising the Court about the status of Plaintiff's FOIA request and proposing a reasonable schedule for further proceedings.

Plaintiff respectfully requests that this Court order State to begin producing responsive documents (or to identify and explain what exemptions it believes apply) by July 16, 2020, and to continue producing them on a rolling basis monthly thereafter. Plaintiff is not able to consider whether and when to file a potentially dispositive motion before State has provided a substantive response to its request.

| | |
|---|---|
| Dated: June 2, 2020 | Respectfully submitted, |
| /s/ Alia L. Smith<br>Alia L. Smith, D.C. Bar #992629<br>BALLARD SPAHR LLP<br>1909 K Street, N.W., 12th Floor<br>Washington, DC 20006<br>(202) 661-2200<br>smithalia@ballardspahr.com<br><br>Kristel Tupja, D.C. Bar #888324914<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>(215) 864-8318<br>tupjak@ballardspahr.com<br><br>*Counsel for Plaintiff* | MICHAEL R. SHERWIN<br>Acting United States Attorney<br><br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division<br><br>By: /s/ Robert A. Caplen<br>    ROBERT A. CAPLEN, D.C. Bar #501480<br>    Assistant United States Attorney<br>    555 4th Street, N.W.<br>    Washington, DC  20530<br>    (202) 252-2523<br>    robert.caplen@usdoj.gov<br><br>    *Counsel for Defendant* |