UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEFANIA MAURIZI, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 20-0966 (EGS) |
| U.S. DEPARTMENT OF STATE, | | |
| Defendant. | | |

**JOINT STATUS REPORT**

Pursuant to the Court's July 30, 2020, Minute Order, the parties, Plaintiff Stefania Maurizi ("Plaintiff") and Defendant U.S. Department of State ("State"), submit the following joint status report and "recommendations for further proceedings."

**I.      Background and Current Status**

On February 7, 2018, Plaintiff submitted to State a Freedom of Information Act ("FOIA") request seeking "a copy of the emails, cables, reports, memos from the 1st of July 2010 to the 1st of July 2012 concerning Mr[.] Julian Assange, the founder of WikiLeaks."  The time period of Plaintiff's request was "from 07/01/2010 to 07/01/2012."

In the parties' last report, State reported that it had completed searching its unclassified system and that its search yielded approximately 320 potentially responsive unclassified records as well as additional potentially responsive unclassified retired records.  It reported that, due to the ongoing COVID-19 pandemic, its ability to search the classified system remained unchanged. State proposed an initial release of responsive materials by August 3, 2020.

On July 16, 2020, Plaintiff agreed to exclude as non-responsive any press clippings that were otherwise publicly available.

On August 3, 2020, State made a first release of responsive material. State informed Plaintiff that it had identified two (2) responsive documents. It produced one (1) document and withheld the other pursuant to FOIA Exemption 5.

## II.     Recommendations for Further Proceedings

**Defendant's Position:**

Consistent with standard practice, State will continue to process Plaintiff's FOIA request and make rolling releases of any responsive, non-exempt material until processing is complete. State proposes making rolling monthly releases of such material, with the next release on September 3, 2020. However, asking State to deviate from this standard practice would unfairly prioritize Plaintiff's case to the detriment of other FOIA requesters with cases in litigation. With respect to processing, State previously indicated that its searches had identified 320 potentially responsive unclassified documents. As noted, this figure reflects documents potentially responsive to Plaintiff's FOIA request based on State's searches rather than responsive material subject to release.

The significantly reduced number of available reviewers across the State Department and the ongoing technological challenges of doing this work remotely will continue to constrain State's ability to process documents in this as well as all of its other FOIA cases. In addition, Government-wide staffing constraints during the COVID-19 pandemic have created serious difficulties in obtaining necessary clearances from other Department components or other Executive Branch components. The Office of Information Programs and Services ("IPS"), which is responsible for processing FOIA requests, does not release documents in FOIA until it receives clearances from the internal Department components and external Executive Branch components that have equities in the information in those documents. Because many internal Department components and

external Executive Branch components are operating with reduced resources and reduced access to classified systems, IPS will likely experience delays in obtaining clearances and thus in its ability to release documents requiring such clearances. State will continue to endeavor in good faith to process as much as possible within the constraints described above.

State reports that processing of unclassified materials remains ongoing subject to the limitations previously reported. State further reports that circumstances related to its inability to search the classified system remain unchanged at this time.

State proposes to file another joint status report by September 4, 2020.

**Plaintiff's Position:**

Plaintiff proposes that this Court require State to produce (or claim valid exemption for) the remaining 318 documents within 30 days (by September 8, 2020). Government agencies in other FOIA matters have been required to produce anywhere from 400 to 5,000 pages per month. *See, e.g., Am. Immigration Council v. DHS,* 2020 U.S. Dist. LEXIS 117862, *1 (D.D.C. July 6, 2020) (requiring agency, even in COVID era, to review 400 pages per month); *Clemente v. FBI*, 71 F. Supp. 3d 262, 264 (D.D.C. 2014) (requiring agency to review 5,000 pages per month). Plaintiff is not aware of any circumstance in which a government agency has been permitted to proceed at a rate of two documents every two-and-a-half years (Plaintiff's request was in February 2018) or even two documents every month.[1] The FOIA is meant to provide prompt access to government documents, and even allowing for delays related to teleworking due to COVID, review of 318 documents in a one month period is wholly reasonable. *See, e.g.*, *Seavey v. DOJ*, 266 F.

---

[1]   At its current rate of review – two pages every two-and-a half years – production would not be complete for more than 150 years. And even assuming that State were to continue reviewing two documents per month (as it did this month) going forward, production still would not be complete for 13 years.

3

Supp. 3d 241, 244 (D.D.C. 2017) (documents should be processed "within days or a few weeks" of a response, "not months or years"). Given that State did not produce *anything* for two-and-a-half years, and then produced just *a single document* (as well as an indication that another was being withheld) only *after* this litigation was filed, Plaintiff should not now be forced to accept "monthly rolling releases" with no production requirements. Under State's proposal, Plaintiff could continue indefinitely to produce nothing (or close to nothing) every month. The total number of documents here is not large. State should produce them promptly.

Plaintiff further proposes that, in addition to reviewing the 318 documents noted above within 30 days (by September 8, 2020), State also be required – within those same 30 days – to identify the number of "potentially responsive unclassified retired records." At that time, the parties should meet and confer about an appropriate rate of production for such documents. If the parties cannot agree, then they should raise the issue in the next joint status report, which Plaintiff proposes be submitted by September 11, 2020.

Given the lack of information provided by State, Plaintiff does not know, at this time, whether it intends to challenge any claimed exemptions or will otherwise require judicial intervention on the merits.

\*   \*   \*

Dated: August 6, 2020

/s/ Alia L. Smith
Alia L. Smith, D.C. Bar #992629
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor
Washington, DC 20006
(202) 661-2200
smithalia@ballardspahr.com

Kristel Tupja, D.C. Bar #888324914
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8318
tupjak@ballardspahr.com

*Counsel for Plaintiff*

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendant*