UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEFANIA MAURIZI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 20-0966 (EGS)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 2, 2020, Minute Order, the parties—Plaintiff Stefania Maurizi ("Plaintiff") and Defendant U.S. Department of State ("State")—submit the following joint status report.

On August 3, 2020, State made a first release of responsive material. State informed Plaintiff that it had identified two responsive documents, producing one document and withholding the other pursuant to FOIA Exemption 5. On September 3, 2020, State made a second release of responsive material. State informed Plaintiff that it had identified six additional responsive documents, producing five documents in full and one in part.

State reports that it is in the process of processing the documents remaining from the approximately 320 potentially responsive unclassified records originally identified and, per the Court's order, intends to make a production of any non-exempt, responsive material on or before October 19, 2020. During the course of its review, the agency's FOIA office received an additional, sizeable collection of potentially responsive unclassified records. Following State's completion of processing on the remainder of the approximately 320 potentially responsive

unclassified records originally identified, State proposes to continue to make rolling, monthly productions of this material.

State will inform Plaintiff of the estimated volume of the additional collection of potentially responsive unclassified records on or before October 19, 2020. At that time, the parties should meet and confer about an appropriate rate of production for the additional documents. If the parties cannot agree, then they should raise the issue in the next joint status report.

The potentially responsive unclassified retired records are stored at the Records Service Center and require personnel onsite both to retrieve and review documents. State is in the process of collecting those potentially responsive unclassified retired records onsite. Because these retired records are in hard copy, however, State cannot provide an estimate of the volume of potentially responsive unclassified retired records until those records have been collected, and determining that volume will require personnel who are otherwise teleworking to go onsite and conduct a manual review. State will process the additional collection of potentially responsive unclassified records after it completes the remainder of the approximately 320 records originally identified, and the agency will provide an update on the status of its collection and review efforts in the next status report. Given the time- and labor-intensive nature of collecting and reviewing retired records, which requires personnel who are currently teleworking to travel onsite to conduct a manual review of records, State will not be in a position to identify the number of potentially responsive unclassified retired records by October 19, 2020, the date Plaintiff requests. Consequently, State asks the Court to defer setting any deadline for identifying this volume at this time. State is hopeful to have more information about this volume by the next status report. State further reports that circumstances related to its inability to search the classified system remain unchanged at this time.

Plaintiff further proposes that State provide a specific update in its collection and review efforts of the potentially responsive unclassified retired records, including the number of potentially responsive unclassified retired records on or before October 19, 2020. At that time, the parties should also meet and confer about an appropriate rate of production for the responsive unclassified retired records. If the parties cannot agree, then they should raise the issue in the next joint status report.

The parties propose to file another joint status report by October 26, 2020. A proposed order is attached.

Dated: September 24, 2020

/s/ Alia L. Smith
Alia L. Smith, D.C. Bar #992629
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor
Washington, DC 20006
(202) 661-2200
smithalia@ballardspahr.com

Kristel Tupja, D.C. Bar #888324914
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8318
tupjak@ballardspahr.com

*Counsel for Plaintiff*

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendant*