UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANIA MAURIZI, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>U.S. DEPARTMENT OF STATE, <br><br>　　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 20-0966 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 27, 2020, Minute Order, the parties—Plaintiff Stefania Maurizi ("Plaintiff") and Defendant U.S. Department of State ("State")—submit the following joint status report.

**I.    NON-CLASSIFIED, NON-RETIRED RECORDS**

On August 3, 2020, State made a first release of responsive material.  State informed Plaintiff that it had identified two responsive documents, producing one document and withholding the other pursuant to FOIA Exemption 5.  On September 3, 2020, State made a second release of responsive material.  State informed Plaintiff that it had identified six additional responsive documents, producing five documents in full and one in part.  State also released the non-exempt portions of 63 responsive, unclassified documents from the approximately 320 potentially responsive unclassified records in accordance with the Court's September 2, 2020, Minute Order on October 19, 2020.

Consistent with the parties' September 24, 2020, joint status report, State informed Plaintiff that the additional collection included approximately 1,080 potentially responsive unclassified documents.  On November 19, 2020, State informed Plaintiff that it had identified 19 responsive

records thus far from this collection, releasing all 19 in part. On November 25, 2020, State informed Plaintiff that it had processed a total of 64 documents, comprised of approximately 320 pages, for the November production. On November 30, 2020, State informed Plaintiff that, of the remaining approximately 1,016 potentially responsive unclassified documents, approximately 400 documents remain after removing facially non-responsive documents. State is in the process of ascertaining how many pages comprise these (approximately) 400 documents, the processing of which remains ongoing.

**State's Position:** State proposes that it will continue to make a good faith effort to process these documents on a rolling monthly basis at its pre-pandemic standard processing rate of 300 pages per month. State anticipates making its next production of responsive, non-exempt material on or before December 21, 2020.

**Plaintiff's Position:** Although State has not yet confirmed to Plaintiff how many pages are left to be processed in the remaining 400 documents (and therefore how long the production will take to complete), Plaintiff, for the time being, is willing to accept a processing rate of 300 pages per month. Plaintiff reserves the right to challenge the processing rate at a later time if there are a very large number of pages comprising the 400 documents, if additional documents are found, or if there are undue delays. (Plaintiff likewise reserves the right to address the issue of the processing rate of the "other documents" (see below), once their processing begins and State informs her of the number of documents/pages to be reviewed.)

## II. OTHER RECORDS

As previously reported, State has completed its onsite collection of potentially responsive unclassified retired records from the Records Service Center. As previously described, these records are in hard copy and require personnel who are otherwise teleworking to go onsite and

conduct a manual review, both with respect to the volume of documents and their responsiveness. State will begin processing the potentially responsive unclassified retired records after it completes processing the approximately 400 remaining potentially responsive unclassified records identified, and State has informed Plaintiff that it expects to have a better estimate of volume once it begins the manual review of those hard copy documents.  Given the time- and labor-intensive nature of reviewing retired records, which requires personnel who are currently teleworking to travel onsite to conduct a manual review of records, State will not be in a position to identify the estimated number of potentially responsive unclassified retired records until personnel go onsite to begin processing them.  Consequently, the parties agree to defer setting any deadline regarding the processing of these documents at this time.

Again, Plaintiff states that she reserves the right to revisit issues related to the processing of these "other documents" after the non-classified, non-retired records are processed.

State further reports that circumstances related to its inability to search the classified system remain unchanged at this time.

The parties both propose to file another joint status report by January 7, 2021.

*     *     *

Dated: December 1, 2020

/s/ Alia L. Smith
Alia L. Smith, D.C. Bar #992629
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor
Washington, DC 20006
(202) 661-2200
smithalia@ballardspahr.com

Kristel Tupja, D.C. Bar #888324914
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8318
tupjak@ballardspahr.com

*Counsel for Plaintiff*

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendant*