UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEFANIA MAURIZI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 20-0966 (EGS) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 4, 2021, Minute Order, the parties—Plaintiff Stefania Maurizi ("Plaintiff") and Defendant U.S. Department of State ("State")—submit the following joint status report.

**I.  NON-CLASSIFIED, NON-RETIRED RECORDS**

On February 19, 2021, State made its seventh release of responsive material. For the February 2021 release, State processed and released to Plaintiff 21 responsive documents consisting of 148 pages. There remain for review approximately 180 potentially responsive unclassified documents consisting of approximately 852 pages.

**State's Position:** As previously reported, State announced in December 2020 that its facilities in the National Capital Region were officially regressing to Phase One, which requires that offices maximize telework. As of March 2021, the National Capital Region remains in Phase One. This reversion to maximum telework has further constrained the Department's ability to process records for its Freedom of Information Act ("FOIA") litigation cases, including by making it more difficult to obtain clearances from internal Department and external Executive Branch components.

Nevertheless, State has continued to make a good faith effort to process documents in this case on a rolling monthly basis at its pre-pandemic standard processing rate of 300 pages per month. And State has met its goal, processing an average of approximately 305 pages per month over the past five months. While Plaintiff pretends to see "no end in sight," the Department is, in fact, well on its way to completing unclassified processing, with only approximately 852 pages remaining to be processed. Just as it has done every month since August, State anticipates making its next production of responsive, non-exempt material on or before March 19, 2021.

Contrary to Plaintiff's assertion below, State is not processing this case "at any rate" but is instead acting in good faith to process at the standard pre-pandemic rate while navigating shifting pandemic circumstances and conditions that impact its FOIA operations. Indeed, notwithstanding the Department's continued COVID-related processing limitations, Plaintiff has been receiving—and continues to receive—on-time monthly productions, and there is no basis for Plaintiff's request for judicial intervention to accelerate processing.

Throughout these proceedings, Plaintiff has disputed State's processing capabilities, ignored the challenges the pandemic has presented, and sought unreasonable processing rates and production deadlines. *See, e.g.*, ECF Nos. 13, 15, 16. Plaintiff omits from her statement below that the parties have, on two recent occasions, addressed Plaintiff's concerns about the January 2021 and February 2021 productions. Both times, State explained that it has been making a good faith effort to process records at the pre-pandemic standard rate of 300 pages per month but that the rate will fluctuate—and has fluctuated—both above and below the pre-pandemic rate during the pandemic.

Plaintiff's dissatisfaction has persisted regardless of the number of documents processed. For example, State processed 420 pages of records for its October 2020 production, a number

*greater* than the pre-pandemic rate.  In response, Plaintiff requested "a rate of 1000 pages or 300 documents per month (whichever is lesser)."  ECF No. 15 at 2.  State then processed 320 pages of records for its November 2020 production, a number still greater than the pre-pandemic rate.  In response, Plaintiff stated she was, "for the time being, . . . willing to accept a processing rate of 300 pages per month."  ECF No. 16 at 2.  For the December 2020 release, State processed more than 450 pages of potentially responsive material.  ECF No. 17 at 1.  Plaintiff responded: "At this time, Plaintiff does not object to proceeding as State has outlined above."  *Id.* at 2.  State also announced it was regressing to Phase One due to rising COVID-19 cases across the country and anticipated that "this reversion to maximum telework [would] further constrain the Department's ability to process records for its FOIA litigation cases[.]"  *Id.* at 1.  Plaintiff acknowledged those challenges two months ago, *see id.* at 2, but now forgets them.

Over the last five months, State has processed an average of 305 pages per month.  Furthermore, State has conducted a relevancy review of approximately 1,400 potentially responsive documents and removed many duplicates.  The relevancy review was an integral part of State's processing of records in this case, a fact that Plaintiff ignores by focusing solely upon the number of responsive records produced.

Plaintiff's counsel advised defense counsel on February 23, 2021, of Plaintiff's intent to file a motion to compel faster review of the documents.  Rather than file that motion, which Plaintiff now anticipates submitting "this week," Plaintiff utilizes the status report vehicle to litigate her forthcoming request.  Plaintiff even incorporates a proposed order here that would grant her the relief she intends to seek in her upcoming motion.  State objects to Plaintiff's backhanded tactic and asks the Court to disregard Plaintiff's proposed order.  If Plaintiff proceeds with her

motion, which State has already advised it will oppose, then Plaintiff may draft a proposed order that is addressed to the relief requested in the accompanying motion.

Plaintiff's complaints and her forthcoming motion lack merit. As stated above, State reiterates that it continues to make a good faith effort to process these documents on a rolling monthly basis at its pre-pandemic standard processing rate of 300 pages per month.

**Plaintiff's Position:** Despite its indication that it would make "good faith efforts" to process 300 pages per month, State only processed 168 pages in its January release. The February release was even smaller, at 148 pages processed. As a result, Plaintiff intends to file this week a motion for an order setting a production rate and schedule, proposing that this Court require State, by April 19, 2021, and on a monthly basis thereafter, to process the remaining un-retired, unclassified documents at a rate of 500 pages per month. Given that State did not produce *anything* for two-and-a-half years, and then has proceeded to produce responsive documents at an alarmingly inconsistent and low rate only *after* this litigation was filed, Plaintiff should not be forced to accept "monthly rolling releases" with no production requirements. Under State's proposal, State could continue indefinitely to produce documents at any rate, with no end in sight for Plaintiff.

## II. OTHER RECORDS

As previously reported, State has completed its onsite collection of potentially responsive classified and unclassified retired records from the Records Service Center. As previously described, these records are in hard copy and will require personnel who are otherwise teleworking to go onsite and conduct a manual review, both with respect to the volume of documents and their responsiveness. State has identified approximately 10 full boxes of hard copy, retired records but, for the reasons previously stated, is not in a position to identify the estimated number of potentially

responsive unclassified retired records until personnel can go onsite to begin processing them. Consequently, the parties agree to defer setting any deadline regarding the processing of these documents at this time.

Plaintiff states that she reserves the right to revisit issues related to the processing of these "other documents" after the non-classified, non-retired records are processed.

State further reports that circumstances related to its inability to search the classified system remain unchanged at this time, particularly given the Department's regression to Phase One, as described above.

The parties both propose to file another joint status report by April 8, 2021.

Dated: March 8, 2021                                Respectfully submitted,

/s/ Alia L. Smith                                   CHANNING D. PHILLIPS, D.C. Bar # 415793
Alia L. Smith, D.C. Bar #992629                     Acting United States Attorney
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor                     BRIAN P. HUDAK
Washington, DC 20006                                Acting Chief, Civil Division
(202) 661-2200
smithalia@ballardspahr.com                      By: /s/ Robert A. Caplen
                                                    ROBERT A. CAPLEN, D.C. Bar #501480
Kristel Tupja, D.C. Bar #888324914                  Assistant United States Attorney
BALLARD SPAHR LLP                                   555 4th Street, N.W.
1735 Market Street, 51st Floor                      Washington, DC  20530
Philadelphia, PA 19103                              (202) 252-2523
(215) 864-8318                                      robert.caplen@usdoj.gov
tupjak@ballardspahr.com
                                                    *Counsel for Defendant*
*Counsel for Plaintiff*