UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEFANIA MAURIZI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-0966 (EGS) |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR ORDER
SETTING PRODUCTION RATE AND SCHEDULE**

Plaintiff Stefania Maurizi ("Plaintiff"), through counsel, hereby submits this motion for an order setting a production rate and schedule in her Freedom of Information Act ("FOIA") claim. The Defendant United States Department of State ("State") has failed to adhere to any production rate, resulting in an unnecessarily prolonged response to Plaintiff's FOIA claim that dates back over three years. Plaintiff therefore respectfully requests that State be ordered to process at least 500 pages per month, beginning on April 19, 2021 and on a rolling monthly basis thereafter.

**I.     BACKGROUND**

More than three years ago – on February 7, 2018 – Plaintiff submitted a FOIA request to State seeking "a copy of the emails, cables, reports, memos from the 1st of July 2010 to the 1st of July 2012 concerning Mr[.] Julian Assange, the founder of WikiLeaks." *See* Compl. Ex. 1., Dkt. 1-1. State did not provide any substantive response to Plaintiff, nor did it produce any documents, until August 2020, well after the initiation of the present litigation. On August 3, 2020, State identified two (2) responsive documents. It produced one (1) document and withheld

the other pursuant to FOIA exemption (b)(5).  State indicated that this production was part of a "rolling release," but declined to indicate definitively any rate at which further releases would occur.  Joint Status Rept. (Aug. 7, 2020), Dkt. 13.  In July of 2020, State identified 320 potentially responsive documents (but did not identify the number of pages), *see* Joint Status Rept. (July 2, 2020), Dkt 11, and in October of 2020, State identified an additional 1,080 potentially responsive documents (but, again, did not identify the number of pages), *see* Joint Status Rept. (Oct. 26, 2020) ("Oct. JSR"), Dkt 15.[1]

State has indicated in joint status reports in this matter that it is attempting to make a "good faith" effort to process these documents "at its pre-pandemic standard processing rate of rate of 300 pages per month."  *See id.* at 3; *accord* Joint Status Rept. (Dec. 1, 2020) ("Dec. JSR"), Dkt 16; Joint Status Rept. (Jan. 7, 2021) ("Jan. JSR"), Dkt 17; Joint Status Rept. (Feb. 4, 2021) ("Feb. JSR"), Dkt. 18.  To date, however, it has frequently failed to achieve such a rate.

For example, in August and September of 2020, State produced just eight documents totaling 21 pages (three pages in August and 18 pages in September).  State did not identify how many pages were processed in total.  After meeting its self-imposed goal for the remainder of 2020, in January of 2021, State processed just 168 pages. *See* Feb. JSR.  When probed as to why processing had decreased significantly in January, State indicated that the productions "reflect[ed] reduced staffing and operational limitations," that State was nonetheless maintaining its good faith efforts, and that "processing less than 300 pages in a given month is not indicative

---

[1] These numbers reflect only the non-classified, non-retired documents. State has identified approximately 10 full boxes of potentially responsive unclassified retired records, but has indicated that it is "not . . . in a position to identify the estimated number . . . until personnel can go onsite to begin processing them."  Oct. JSR.

of a lack of good faith."[2]  Nevertheless, the following month – in February 2021 – it processed even fewer pages, just 148.  *See* Exhibit B (Feb 23, 2021 Email from State).

According to State's March 8, 2021 Joint Status Report, there remain approximately 852 pages of non-classified, non-retired documents, and an unknown number of non-classified, retired documents.  Joint Status Rept. (Mar. 8, 2021) ("Mar. JSR"), Dkt 19.  Should State continue on its path of processing approximately 150 pages per month (which itself if not even guaranteed at present), it will be at least September of 2021 before Plaintiff receives the full production of the non-classified, non-retired documents –more than three and half years since the documents were first requested.  And this does not even account for the non-classified, retired records or the non-classified records that must be searched on the classified system.  State's conduct in this matter fails to give Plaintiff any clarity or certainty about when State's document production might be complete, and it fails to comport with FOIA's mandate to promptly provide documents to requestors.  *See, e.g.*, *Seavey v. DOJ*, 266 F. Supp. 3d 241, 244 (D.D.C. 2017) (documents should be processed "within days or a few weeks" of a response, "not months or years").  As a result, Plaintiff now brings this motion to set a production schedule.

## II.     STATE SHOULD PROCESS AT LEAST 500 PAGES OF RESPONSIVE MATERIALS PER MONTH

Plaintiff respectfully submits that this Court should adopt the "reasonable agency" standard recently adopted in the Southern District of New York.  Under that standard, State should be required to produce at least 500 pages per month.  That production schedule would

---

[2] See Exhibit A (Feb 3, 2021 Email from State).

satisfy FOIA's goal of getting important government records into the public's hands promptly, while still recognizing the constraints faced by State.

### **The "Reasonable Agency" Standard**

The Southern District of New York recently employed this standard, ordering agencies, including State, to produce documents responsive to a FOIA request based "on a reasonable agency's technological capability." *Open Soc'y Justice Initiative v. CIA*, 399 F. Supp. 3d 161, 169 (S.D.N.Y. 2019). The *Open Society* litigation involved FOIA requests to the Departments of Defense ("DOD") and State for records related to the killing of U.S.-based journalist Jamal Khashoggi in a Saudi Arabian consulate in Turkey. *Id.* at 162. Although both agencies asked the court to order a processing rate of 300 pages per month, claiming their limited resources were stretched thin because of a large number of pending FOIA requests, the court ordered both agencies to process 5,000 pages of responsive records each month.[3] *Id.* at 165-66, 168-69. The agencies cautioned that a faster rate of production would require them to divert resources from other pending FOIA requests, *id.* at 166, which the court took into account in denying the government's motion to reconsider its order, *id.* at 169.

In explaining its denial of the motion for reconsideration, the *Open Society* court reiterated its "inquiry must focus on a *reasonable agency's* technological capability." *Id.* (emphasis added). Therefore, the court said that it was appropriate to hold DOD to the standard of a "reasonable agency," "even if meeting this demand calls upon DOD to augment, temporarily or permanently, its review resources, human and/or technological." *Id.* Significantly, the court

---

[3] The Southern District of New York court provided DOD a small grace period, requiring it to process 2,500 pages in the first month after the order. As the court noted, "Congress has long recognized that 'information is often useful only if it is timely' and that, therefore 'excessive delay by the agency in its response is often tantamount to denial.'" *Open Soc'y*, 399 F. Supp. 3d at 164 (quoting H.R. Rep. No. 93-876, at 6271 (1974)).

also noted that despite State's reconsideration request for a lower processing rate, State admitted it had complied with its order to process 5,000 pages per month but that it was "not practicable." *Id.* at 165.

In addition, government agencies in other FOIA matters, including those in D.D.C., have been required to produce anywhere from 400 to 5,000 pages per month. Plaintiff's requested rate here – 500 pages per month – is consistent with these rates. Indeed, it is on the low end of rates ordered by district courts in other FOIA cases.[4] There is no legitimate reason why State should not be required to proceed under the modest processing rate of 500 pages per month.

State has previously, in Joint Status Reports, argued that the ongoing COVID-19 Pandemic hampers its ability to process documents quickly. *See, e.g.*, Oct. JSR; Dec. JSR; Jan. JSR; Feb. JSR. While Plaintiff is sensitive to the burdens imposed by the circumstances, 500 pages per month is a wholly reasonable request, even under current circumstances. Indeed, recent guidance issued by the Office of Information Policy states that despite any restrictions imposed as a result of COVID-19, "agencies' legal obligations under the FOIA continue" and that "agencies should work to ensure that their FOIA operations continue in compliance with the FOIA's requirements." *See Guidance for Agency FOIA Administration in Light of COVID-19 Impacts*, Dep't of Justice (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-

---

[4] *See, e.g.*, *Am. Immigration Council v. DHS*, 2020 U.S. Dist. LEXIS 117862, at *1 (D.D.C. July 6, 2020) (requiring agency, even in COVID era, to review 400 pages per month); *Clemente v. FBI*, 71 F. Supp. 3d 262, 264 (D.D.C. 2014) (requiring agency to review 5,000 pages per month); Tr. of Status Conf. at 9, *CREW v. DOJ*, No. 18-cv-01766 (RBW) (D.D.C. Nov. 13, 2018), Dkt. 13 (ordering DOJ to produce 750 pages per month); Minute Order, *S.P. Plaza, LC v. U.S. Gen. Servs. Admin.*, No. 19-cv-01336 (CKK) (D.D.C. July 29, 2019) (ordering GSA to process at least 1,000 pages per month); Order, *Nat'l Pub. Radio, Inc. v. U.S. Dep't. of Treasury*, No. 19-cv-00017 (JDB) (D.D.C. Aug. 23, 2019), Dkt. 16 (ordering Treasury to process 3,000 pages per month);*CREW v. DOJ*, 160 F. Supp. 3d 226, 231 (D.D.C. 2016) (ruling on a motion for summary judgment, the court noted it had ordered DOJ to process at least 1,500 pages of responsive records per month).

administration-light-covid-19-impacts.  State should not be permitted to simply process document at whatever rate it pleases.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court order State to process and produce at least 500 pages per month, beginning on April 19, 2021.  *See, e.g.*, *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms" and "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent such abuses.") (quoting *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1998)).

### LOCAL CIVIL RULE 7(m) STATEMENT

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff conferred with counsel for State on February 23, 2021.  Counsel for State opposes this motion and would not agree to a set production schedule.

Dated: March 9, 2021

Respectfully submitted,

/s/Alia L. Smith
Alia L. Smith, D.C. Bar #992629
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor
Washington, DC 20006
(202) 661-2200
smithalia@ballardspahr.com

Kristel Tupja, D.C. Bar #888324914
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8318
tupjak@ballardspahr.com

*Counsel for Plaintiff*